IN THE CIRCUIT COURT OF THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JOSEPHINE A. VITALE,

    Plaintiff,

v.

STEVEN R. MILLER,

    Defendant.

_____/

CASE NO.:
8:04-CV-448-T-17MSS
JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES ARISING FROM DEFAMATION

Plaintiff, Josephine A. Vitale, by and through undersigned counsel, sues the Defendant, Steven R. Miller, and alleges as follows:

1. This is an action for monetary damages arising from the malicious defamation by Steven R. Miller of Josephine A. Vitale. Damages in excess of $15,000.00 are sought.

2. Venue is proper in Hillsborough County as the events giving rise to the cause of action and the damage caused occurred in Hillsborough County.

3. Josephine A. Vitale is a natural person employed by the Bromley Companies as Vice President and Managing Partner. She is a highly respected community leader; she serves on the Boards of the Tampa Bay Performing Arts Center, the Tampa Bay Partnership, the Westshore Alliance and is the Chair of the Re-Development Sub-Committee for the Urban Enterprise Initiative. She is also a member of the Tampa Downtown Partnership, the Westshore Alliance, the Tampa Chamber of Commerce, the Committee of 100, the Tampa Bay Performing Arts Center, the Tampa Museum of Art, the Tampa Bay Business Community for the Arts, the Italian Club and the NAIOP. In addition, she is Bromley's primary Tampa senior executive

employee responsible for heading a project team for the development of Tampa Bay I, Florida's largest 1,200,000 sq. ft. urban center project.

4. Defendant is a natural person who was discharged from his at-will employment at the Bromley Companies in January, 2004. Defendant was the engineering maintenance supervisor in the building where Ms. Vitale had an office.

5. Sometime in late 2003, Defendant was caught on film attempting to enter Ms. Vitale's office without authorization. When confronted with the charge, Defendant initially denied it but later offered contradicting excuses. As a result of this conflict and growing tensions between Ms. Vitale and the Defendant, the Bromley Companies terminated the Defendant. Defendant was offered at the time of his termination a severance package.

6. Notwithstanding the offer of a severance package, Defendant caused an attorney, as his agent, to send a letter dated January 30, 2004, to Bromley Companies' Human Resource Department in Champaign, Illinois.

7. The letter contained a variety of falsehoods, misstatements and salacious innuendo that were defamatory and which constitute libel per se and libel per quod. Defendant knew the statements were false and defamatory, or he was negligent in making the false statements. The statements included suggestions that Ms. Vitale was engaged in illicit activities or behavior, that she was violating company policies and that she was associating with persons involved in illicit activities (A copy of the letter will be produced to the Court in camera at the appropriate time as Plaintiff does not wish to further disseminate the defamation by filing it with the Court where it becomes a public record).

8. As a result of these defamatory statements, Ms. Vitale has suffered financial losses, has been humiliated, outraged and sickened; she lost her ability to concentrate on her

work and has been the subject of criticism and ridicule, and questions have been raised about her character with her employer.

9. Defendant's statements were not privileged.

WHEREFORE, Plaintiff, Josephine A. Vitale, asks the Court to:

(a) take jurisdiction over the cause and the parties;

(b) grant her a trial by jury;

(c) award her damages;

(d) award her the costs of this action; and

(e) grant such other and further relief as is just in the premises.

Dated: February 13, 2004

Constantine W. Papas, Esq.
Florida Bar No. 089974
GrayRobinson, P.A.
201 N. Franklin Street, Ste. 2200
Post Office Box 3324
Tampa, FL 33601-3324
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Counsel for Plaintiff

621830